UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA (#422864)

VERSUS                                                CIVIL ACTION

MAJ. HOOKER, ET AL                                    NUMBER 14-116-BAJ-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 31, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA (#422864)

VERSUS                                             CIVIL ACTION

MAJ. HOOKER, ET AL                                 NUMBER 14-116-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the plaintiff's Order to Show Cause and Temporary Restraining Order, And Preliminary Injunctions. Record document number 6.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Hooker, Col. Smith, unidentified members of the tactical team, unidentified emergency medical technicians and an unidentified treating physician. Plaintiff alleged that on November 29, 2012, he was sprayed with mace, beaten without provocation and denied adequate medical treatment, all in violation of his constitutional rights.

Plaintiff also filed a motion for temporary restraining order and preliminary injunction seeking an order directing prison officials to have a MRI taken of his back and knee by a qualified radiologist, and have that radiologist evaluate his current condition and prescribe a course of treatment.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits;

(2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Order to Show Cause and Temporary Restraining Order, And Preliminary Injunctions be denied.

Baton Rouge, Louisiana, March 31, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE