# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA (# 422864)  :  CIVIL ACTION

:  NO. 14-116-BAJ-SCR

VERSUS

:  JUDGE JACKSON

MAJOR HOOKER, ET AL.  :  MAGISTRATE JUDGE RIEDLINGER

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF WEST FELICIANA

BEFORE ME, the undersigned Ex Officio Notary Public in and for the State of Louisiana, personally came and appeared

## JOSEPH HOOKER

who after being duly sworn did depose and state as follows:

1.

I have been employed by the Louisiana Department of Public Safety and Corrections for approximately 20 years, all of them at Louisiana State Penitentiary in Angola, Louisiana. ("LSP").

2.

At the request of the Attorney General's Office, I have read the claims inmate Theodore Arita asserts against me in the complaint.



STATE'S
EXHIBIT
G

1

3.

The allegations asserted against me in this lawsuit are untrue. I did not subject him to excessive force without provocation by releasing large amounts of chemical agent into his cell 4 different times nor did I instruct tactical team members to beat him on November 29, 2012. I also did not stand by and watch him allegedly be abused.

4.

Inmate Arita was housed in Cell No. 9 on the Gator 3 right tier of Camp J on November 29, 2012.

5.

Camp J is the most restrictive part of the prison.

6.

I was the Camp J Shift Supervisor on November 29, 2012. Some of my job responsibilities included making rounds on the units and supervising corrections security officers.

7.

At approximately 8:25 a.m. on November 29, 2012, plaintiff began to cause a disturbance on the tier by racking down and throwing objects out of his cell.

8.

A cell extraction was being conducted on offender Michael Steward, who was in cell #7 of the same unit, while plaintiff was creating the disturbance.

9.

I gave plaintiff several orders to stop the disruption and he refused all orders given.

2

10.

The cell extraction was then conducted on Steward.

11.

I then exited the tier and obtained a can of Sabre Red Phantom Chemical agent.

12.

I gave plaintiff several more direct verbal orders to cease the disturbance he was creating when I returned to the front of his cell. Again, inmate Arita refused all orders given.

13.

At that point, I administered a one second burst of chemical agent into the cell.

14.

Can B of Sabre Red, which is the can of mace I retrieved from the gas locker on November 29, 2012, weighed 4.0 ounces before it was used on plaintiff. Can B weighed 3.7 ounces after I released the chemical agent into the plaintiff's cell on the aforementioned date. Three tenths of an ounce of mace was used by me in a good faith effort to try to gain control of the plaintiff.

15.

If plaintiff's allegations of abuse were true, more than three tenths of an ounce of chemical agent would have been used.

16.

I ordered plaintiff to cease the disturbance he was creating after chemical agent was released into his cell. He refused all orders given.

17.

Inmate Arita picked up a stack of papers and threw them at the cell bars.

3

18.

The situation created by the plaintiff necessitated some degree of force, as attempts to gain his compliance through direct verbal orders and chemical agents were unsuccessful.

19.

Since plaintiff failed to comply with direct verbal orders to cease the disturbance he was creating, I ordered the cell entry team to remove him from his cell.

20.

I have been a member of LSP's tactical team for 14 years. Thus, I was authorized to be on the unit when plaintiff was removed from the cell.

21.

Inmate Arita was transported to the infirmary for a medical evaluation. The medical evaluation is required procedure whenever there is a cell entry to generate an objective, independent record of the inmate's condition and is not to be interpreted as suggestive of any apparent injury or other need for medical care; it is precautionary.

22.

Contrary to the allegations asserted by plaintiff in the complaint, I did not release three tenths of an ounce of chemical agent into his cell on November 29, 2012 without provocation. I likewise did not subject him to excessive force by repeatedly releasing large amounts of chemical agent in to his cell.

23.

Additionally, I did not stand by and watch or laugh while cell entry team members allegedly subjected plaintiff to excessive force on November 29, 2012. Finally, I did not direct cell entry team members to beat him.

4

24.

I am prohibited from abusing inmates for any reason. I was not criminally prosecuted and disciplinary action was not taken against me after the alleged incident on November 29, 2012 because I did not subject inmate Arita to excessive force nor was I deliberately indifferent to his safety.

The above facts are true and correct to the best of my knowledge, information and belief under penalty of perjury.

_____
WITNESS

_____
WITNESS

JOSEPH HOOKER

SWORN TO AND SUBSCRIBED before me, this 14th day of May, 2014, at Angola, Louisiana.

_____
EX OFFICIO NOTARY #77912
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS/LS

5