# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**THEODORE ARITA**                                                                                  **CIVIL ACTION**

**VERSUS**

**JOSEPH HOOKER, ET AL.**                                          **NO.:14-00116-BAJ-SCR**

## RULING AND ORDER

On January 22, 2015, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Defendants' Motion for Partial Summary Judgment (Doc. 15), filed by Joseph Hooker and Jimmy Smith, be granted in part and denied in part, dismissing Plaintiff Theodore Arita's ("Plaintiff") claims of deliberate indifference, but denying the motion in all other respects. (Doc. 35).

The Magistrate Judge's Report and Recommendation specifically notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 35 at p. 1). A review of the record indicates that Plaintiff timely filed objections on January 28, 2015. (Doc. 36).

In his objections, Plaintiff asserts that medical personnel's attempt "to downplay the extent of [his] injuries on documents, [and] fail[ure] to order proper testing" amounts to deliberate indifference to his mental health needs. (Doc. 36 at

p. 1). However, Plaintiff's assertion is incorrect. Whether Plaintiff received the treatment or accommodation which he believes he should have is not the pertinent inquiry. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Instead, the United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate standard to apply in cases of deliberate indifference under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Under this standard, "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Such a showing requires the inmate to allege that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)). Accordingly, deliberate indifference is an "extremely high" standard to meet. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006) (quotation omitted).

In short, Plaintiff has failed to make the showing necessary to survive summary judgment. Specifically, Plaintiff has failed to point to specific evidence in the record to refute Defendants' assertion that he was examined by medical personnel immediately following the incident, and examined by mental health

personnel approximately two weeks later. (*See* 18-1 at pp. 2-13). The mere fact that the alleged incident occurred on November 29, 2012, and Plaintiff was not seen by mental health personnel until December 17, 2012, does not, alone, amount to deliberate indifference. *See Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993) (holding that a mere delay in treatment did not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm). Therefore, Plaintiff's objection is without merit.

Alternatively, Plaintiff requests that this Court defer summary judgment until after discovery. However, Plaintiff has failed to make the requisite showing to support such a decision. *See* Fed. R. Civ. P. 56(d) (requiring nonmovant to show "by affidavit or declaration that, for specific reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). Accordingly, the Court will not defer its ruling.

Having carefully considered Defendants' motion, Plaintiff's complaint and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 35)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 15)** be granted in part and denied in part, dismissing Plaintiff's claims of deliberate indifference, but denying the motion in all other respects.

Baton Rouge, Louisiana, this 9th day of February, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**