UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA (#422864)

VERSUS                                    CIVIL ACTION

MAJ. HOOKER, ET AL                        NUMBER 14-116-BAJ-SCR

## RULINGS ON MOTIONS TO TAKE DEPOSITIONS

Before the Court are numerous motions filed by the plaintiff to depose the defendant correctional officers (R. Docs. 108-113, 119 and 123-129).  These motions are opposed.[1]

Plaintiff seeks an order permitting him to depose the defendants, appointing a certified stenographic reporter, i.e. a certified court reporter, before whom the depositions will be taken, and that the cost be covered by his in forma pauperis status.

Although the plaintiff has been granted leave to proceed as a pauper, without prepayment of the Court's filing fee and the cost for service of process upon the defendants, that does not include taking depositions without paying the costs to do so or without complying with the applicable provisions of Rule 30, Fed.R.Civ.P. "*In forma pauperis* status does not require the Government to advance funds to pay for deposition expenses." *Brown v. Carr*, 236

---

[1] R. Doc. 118.

F.R.D. 311 (S.D.Tex. 2006), *citing Tajeddini v. Gluch*, 942 F. Supp. 772 (D.Conn. 1996).  For the plaintiff to have the depositions recorded by a certified court reporter, he must arrange for a court reporter, including payment - in advance if required by the court reporter - of the court reporter's fees and expenses and the cost of copies of the transcripts.  After the plaintiff certifies that he made payment arrangements satisfactory to the court reporter, for example by providing a receipt for any payment deposit required by the court reporter, the Court will reconsider allowing the plaintiff to schedule the depositions.  There is no point to allowing the plaintiff to serve deposition notices when he has not provided any indication that there will be a court reporter present to record the depositions.  Any deposition allowed must then be noticed as provided by Rule 30(b), Fed.R.Civ.P.

Accordingly, the plaintiff's motions to take depositions are DENIED.

Baton Rouge, Louisiana, November 20, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

2