UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA (#422864)                                CIVIL ACTION

VERSUS

MAJ. HOOKER, ET AL.                                    NO.:14-00116-BAJ-EWD

ORDER

Before the Court are **Objections to the United States Magistrate Judge's Order (Doc. 154)**, filed by *pro se* Plaintiff Theodore Arita. After reviewing each objection, the Magistrate Judge's Order, and the prior submissions of the parties, the Court **OVERRULES** Plaintiff's objections.

I.    BACKGROUND

Plaintiff is an inmate at the Louisiana State Penitentiary ("LSP"), in Angola, Louisiana. Plaintiff's remaining 42 U.S.C. § 1983 claim is an excessive force claim against LSP employees Maj. Joseph Hooker, Col. Jimmy Smith, Peter Lolis, Gray Gagnard, Eric Bernard, Scott Kennedy and Marcus Jones (collectively, "Defendants"). (*See* Doc. 148). In Plaintiff's Complaint, he alleges that Maj. Hooker sprayed him with a chemical agent and the remaining Defendants punched, kneed, kicked and stomped him. (*See* Doc. 1).

After initiating this action on February 20, 2014, Plaintiff filed two consecutive motions to compel discovery. (Docs. 74 and 75). The United States Magistrate Judge issued an Order (Doc. 150) on March 30, 2016, jointly addressing the two motions. On

April 14, 2016, Plaintiff filed the instant motion pursuant to Federal Rule of Civil Procedure ("Rule") 72(a), objecting to the Magistrate Judge's ruling on ten[1] Requests for Production of Documents ("RPD").

## II. LAW AND ANALYSIS

A party may file an objection to a Magistrate Judge's ruling on a nondispositive matter within 14 days of being served with the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. However, "[f]or issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion." *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, No. CIV.A. 06-4350, 2008 WL 4724390, at *2 (E.D. La. Oct. 24, 2008) (citing *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)). Because Plaintiff's objections challenge the Magistrate Judge's ruling on a discovery dispute, the Court shall apply an abuse of discretion standard.

Plaintiff objects to the ruling on RPD No. 2, which requested documentation from the prison armoury regarding the canister(s) of chemical agent utilized during the incident. (Doc. 154 at p. 1). The Magistrate Judge ruled that the request was fully satisfied. (Doc. 150 at pp. 2–3). The Court finds that the ruling is not an abuse of discretion.

---

[1] As discussed *infra*, Plaintiff only objects to the ruling on eight RPDs and makes a new request related to the ruing on two RPDs.

2

Plaintiff objects to the ruling on RPD Nos. 3, 7, and 8, which requested copies of logbook entries and sign-in forms from the "Sally Port" at Camp-J, the "E" Building at Camp-J, and the Main Prison Hospital between 7:00 a.m. and 11:00 a.m. on the date of the incident. (Doc. 154 at p. 2). The Magistrate Judge ruled that the requests were overbroad and not likely to lead to the discovery of admissible evidence. (Doc. 150 at p. 7). The Magistrate Judge noted that the incident occurred in one location and at a single cell tier in Camp-J. (*Id.*). The Court finds that the ruling is not an abuse of discretion.

Plaintiff objects to the ruling on RPD Nos. 4, 5, and 6, which requested documentation from the prison armory regarding weapons, gear and equipment. (Doc. 154 at p. 3). The Magistrate Judge ruled that the requests were overbroad, not likely to lead to the discovery of admissible evidence, and that the requests sought sensitive security information. (Doc. 150 at p. 7). The Magistrate Judge also found that documentation of the weight of the canister(s) of chemical agent used during the incident—which was produced in response to RPD No. 2—was more relevant to his claim. (*Id.*). The Court finds that the ruling is not an abuse of discretion.

Plaintiff does not object to the Magistrate Judge's ruling on RPD Nos. 15 and 16, but makes a new discovery request related to the Magistrate Judge's ruling. (Doc. 154 at p. 5). The Court shall not consider this request at this time and Plaintiff is instructed to abide by the Federal Rules of Civil Procedure to properly present this new request to the Magistrate Judge.

Finally, Plaintiff objects to the Magistrate Judge's ruling on his request for information regarding other incidents of misconduct by Defendants. (Doc. 154 at p. 5). The Magistrate Judge ruled that the information requested is potentially relevant but it must be limited to disciplinary actions related to excessive force that occurred within a five-year period preceding and succeeding the incident at issue. (Doc. 150 at p. 13). The subject-matter and temporal limits set by the Magistrate Judge are not an abuse of discretion.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Objections to the United States Magistrate Judge's Order (Doc. 154)** are **OVERRULED**.

Baton Rouge, Louisiana, this 13th day of May, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**