UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA ( DOC# 422864)                    CIVIL ACTION

VERSUS

MAJOR HOOKER, ET AL.                               NO.: 14-00116-BAJ-EWD

RULING AND ORDER

Before the Court is Plaintiff's **Motion in Limine (Doc. 199)**, Defendants' **Motion in Limine to Exclude Documentary Evidence and Inquiry for Impeachment Purposes Related to Dr. Paul M. Toce, Jr., M.D. (Doc. 202)**, Plaintiff's **Objections to 198 Proposed Jury Instructions (Doc. 200)**, and **The Defendants' Objections to Proposed Jury Instructions (Doc. 204)**. The Court will first address the motions in limine, and then address the objections to the proposed jury instructions.

I.     **MOTIONS IN LIMINE**

First, Plaintiff's Motion in Limine requests a ruling from the Court on the disciplinary records of the Defendants, and is best treated as a motion for expedited consideration of the Court's *in camera* review of the disciplinary records. (*See* Doc. 199). Considering the Court's prior ruling indicating which documents must be provided to Plaintiff, this request is now moot. (*See* Doc. 212).

Second, Defendants filed a motion in limine requesting an order excluding documentary evidence and lines of inquiry concerning disciplinary actions taken by the Louisiana State Board of Medical Examiners against Dr. Paul M. Toce for the purposes of impeachment, because such evidence is excluded by Federal Rule of

Evidence 608. (Doc. 202). Plaintiff submitted a response to Defendants' motion. (Doc. 209). Plaintiff argued that the motion was not timely, and, in the alternative, that the evidence was relevant under Federal Rules of Evidence 401 and 404 and should not be excluded for any purpose. (*id.*).

As an initial matter, Defendants' motion was submitted on December 19, 2016. (*See* Doc. 202). The Deadline set by the Court was December 19, 2016. (Doc. 197). Thus, Defendants complied with the deadline for filing the motion in limine.

Turning to the substance of Defendants' motion, the Court finds that the disciplinary record should be excluded for the purposes of impeachment. "Whether Rule 404(b) or Rule 608(b) applies to the admissibility of other-act evidence depends on the purpose for which the" other-acts evidence is introduced. *United States v. Tomblin*, 46 F.3d 1369, 1388 (5th Cir. 1995). "Rule 608(b) applies when other-acts evidence is offered to impeach a witness." *Id.* Here, Defendants urge that the evidence be excluded for impeachment purposes, and thus, Rule 608 applies. Rule 608 does not permit the use of extrinsic evidence to prove specific instances of a witness's conduct to attack the witness's truthfulness, unless the specific act is probative of the witness's truthfulness, such as an act of fraud or forgery. *See* Fed. R. Evid. 608. Dr. Toce's discipline for "sexual misconduct" fails to meet this burden of being relevant to his truthfulness, because a sexual misconduct charge, standing alone, does not demonstrate fraud or a similar act of dishonesty. Thus, under rule 608, Defendants' motion is granted.

II. **JURY INSTRUCTIONS**

2

Plaintiff and Defendants have each submitted objections to the proposed jury instructions. (*See* Docs. 200, 204). Plaintiff objects to the qualified immunity instruction, arguing that the entire instruction should be removed because it is not necessary and it could confuse the jury. (Doc. 200). However, it is well established that juries are charged with making a decision on qualified immunity—even if asserting qualified immunity in dispositive motions was previously unsuccessful for the Defendants. *See, e.g., Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (upholding jury instruction for qualified immunity, even though it failed to discuss the subjective bad faith prong); *Hart v. Hairston*, 227 F. App'x 390, 391 (5th Cir. 2007) (noting that the existence of material issues of fact that preclude summary judgment is not a finding that the Defendants are not entitled to assert the defense of qualified immunity at trial); *Meadours v. Ermel*, 409 F. App'x 784, 786 (5th Cir. 2011) (affirming a district court's qualified immunity instruction for properly instructing that the defense was only available when officer's actions were objectionably reasonable). Thus, Plaintiff's objection to the jury instructions is overruled.

Defendants have raised their own objection to the jury instructions. Defendants specifically object to the discussion of *corporal punishment* on page 15 of the jury instructions. Currently, that language reads:

> The United States Constitution imposes limits on the power of prison officials to use physical force on inmates. Prison officials are prohibited from using force on inmates that is unnecessary or excessive, and *prison officials are also prohibited from using corporal punishment*. During the course of the trial, you may have heard these terms: unnecessary force, excessive force, and corporal punishment. Unnecessary force is force that cannot

3

> reasonably be justified by the facts of the situation. Excessive force is force that is beyond what is reasonable and apparently necessary to control a situation in which some force is needed. *Corporal punishment* is the inflicting of physical pain on an inmate as a form of punishment.

(Emphasis Added). Defendants argue that there is no need to discuss corporal punishment, because the sole remaining claim against Defendants is an excessive force claim in which corporal punishment has not been alleged, and that discussing corporal punishment would be confusing for the jury. (Doc. 204 at p. 2). The Court agrees that the jury charges can be more narrowly tailored to the claims asserted in the complaint. Thus, the issue of corporal punishment will be omitted, and Defendant's objection is sustained. Therefore, the jury instructions will now read:

> The United States Constitution imposes limits on the power of prison officials to use physical force on inmates. Prison officials are prohibited from using force on inmates that is unnecessary or excessive. During the course of the trial, you may have heard these terms: unnecessary force and excessive force. Unnecessary force is force that cannot reasonably be justified by the facts of the situation. Excessive force is force that is beyond what is reasonable and apparently necessary to control a situation in which some force is needed.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion in Limine (Doc. 199)** is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** Defendants' **Motion in Limine to Exclude Documentary Evidence and Inquiry for Impeachment Purposes Related to Dr. Paul M. Toce, Jr., M.D. (Doc. 202)** is **GRANTED.**

IT IS FURTHER ORDERED that Plaintiff's **Objections to 198 Proposed Jury Instructions (Doc. 200)** is **OVERRULED**.

IT IS FURTHER ORDERED that Defendants' **Objections to Proposed Jury Instructions (Doc. 204)** is **SUSTAINED**.

Baton Rouge, Louisiana, this 6th day of January, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**